UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORE A. CRISP, | No. C-07-5320 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | **Re: Cross-Motions for Summary Judgment** |
| Defendant. | |

Having exhausted her administrative remedies, plaintiff Lenore A. Crisp seeks judicial review, pursuant to 42 U.S.C. section 405(g), of a final decision of Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"). Plaintiff alleges that she was improperly denied Social Security Disability Benefits and Supplemental Security Income. Now before the court are cross-motions for summary judgment and plaintiff's motion in the alternative for remand. Having considered the record and the arguments presented, and for the reasons stated below, the court enters the following order.

BACKGROUND

On June 8, 2005, plaintiff filed an application for Social Security Disability Benefits ("SSDI"). On June 13, 2005, she filed an application for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, alleging a disability date of January 1, 2003. Certified Administrative Transcript ("TR") at 57-58, 108-115. The applications were denied on

October 25, 2005, and again on reconsideration dated March 30, 2006. TR at 57-86. Plaintiff sought review of her case by an Administrative Law Judge ("ALJ"). A hearing was held on November 14, 2006, at which time testimony was taken from plaintiff and Lynda Berkley, a vocational expert. TR at 13.

Plaintiff is a twenty-seven year old woman who completed a high school education and received a beauty college certificate. TR at 126, 37. Plaintiff's work history has comprised employment as a receptionist, customer service representative and in-home care provider to her grandmother. TR at 118-119. In 2001 and 2002, plaintiff worked as a receptionist for a salon but, according to plaintiff, was laid off because of a panic attack at work which resulted in a trip to the emergency room. TR at 39, 118-199. From August 2008 through the time of the ALJ hearing, plaintiff was receiving In Home Supportive Service payments for assisting her grandmother 62 hours per month. TR at 118-119. Plaintiff stated that due to her bilateral foot pain, asthma disorder and panic attacks she is not able to work in a functional capacity. TR 42-43. Plaintiff stated that she is able to assist her grandmother only because her grandmother allows her to stop her work and manage the panic attacks. TR at 44.

On November 14, 2006, the ALJ issued an opinion finding that plaintiff was "not disabled" as defined in the Social Security Act. TR at 19. In determining whether a plaintiff is disabled, the ALJ must use a five-step analysis in which progression to the next step is contingent on the result of the previous step. 20 C.F.R. §§ 404.1520, 416.920; see Bowen v. Yuckert, 482 U.S. 137, 141-43 (1987). In reaching this decision, the ALJ applied the five-step evaluation as required by 20 C.F.R. sections 404.1520 and 416.920:

(1) If the plaintiff is performing substantial gainful work, she is not disabled. The ALJ found that plaintiff had not engaged in any substantial gainful activity since January 1, 2003, and that her earnings as an in-home care provider did not constitute substantial gainful activity. TR at 18.

(2) If the plaintiff is not performing substantial gainful work, her impairments must be "severe" before she can be found to be disabled. The ALJ found that plaintiff suffers from

an anxiety related disorder, asthma and bilateral foot pain which, in combination, have more than a minimal effect on the capacity for basic work and are "severe." TR at 14.

(3) If the plaintiff is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least 12 months, and her impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1 of Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations, the plaintiff is presumed disabled without further inquiry. The ALJ found that plaintiff's medically established disorders were not attended by clinical and laboratory findings that met or equaled any listed impairment of appendix 1. TR at 14.

(4) If the plaintiff's impairment (or impairments) does not prevent her from doing her past relevant work, she is not disabled. The ALJ concluded that plaintiff does not retain the ability to perform her past relevant work. TR at 19.

(5) Even if the plaintiff's impairment or impairments prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled. The Commissioner has the burden of proving this factor obtains. The ALJ found that there are jobs existing in significant numbers in the national economy that plaintiff can perform considering her vocational profile and residual functional capacity.

The ALJ found that plaintiff's main allegation of frequent and disabling panic attacks was not credible. TR at 17. The ALJ also found that plaintiff retained the ability to perform light work limited to simple and repetitive tasks and should avoid extreme temperatures as well as dusts, fumes, odors, gases and poor ventilation, due to her asthma. TR at 14-15. The ALJ agreed with the medical evidence that plaintiff's asthma was controlled and stable with medication and that examination of her pulmonary function was within normal limits. TR at 14-15. In addition, the ALJ indicated that there were a number of inconsistencies in plaintiff's reports and her level of activity. TR at 15-17.

3

Plaintiff appealed the ALJ's decision to the Appeals Council ("Council") on May 10, 2007. TR at 5. The ALJ's decision became the final decision of the Commissioner when the Council denied review on August 15, 2007. TR at 5-7.

Plaintiff subsequently filed this request for judicial review, contending that the ALJ erred in finding plaintiff not disabled and that there are jobs existing in significant numbers in the national economy that plaintiff can perform considering her vocational profile and residual functional capacity.

LEGAL STANDARD

This court may disturb the Commissioner's final decision "only if it is not supported by substantial evidence or if it is based on legal error." Edlund v. Massanari, 453 F.3d 1152, 1156 (9th Cir. 2001). "Substantial evidence, considering the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion." Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993). It is more than a scintilla, but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971). The court's review "must consider the record as a whole," both that which supports as well as that which detracts from the Commissioner's decision. Desrosiers v. Secretary of Health & Human Serv., 846 F.2d 573, 576 (9th Cir. 1988). If, however, "the evidence is susceptible to more than one rational interpretation," the Commissioner's decision must be affirmed. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). Even if substantial evidence supports the Commissioner's findings, the decision must be set aside if improper legal standards were applied in reaching that decision. See Benitex v. Califano, 573 F.2d 653, 655 (9th Cir. 1978). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

4

DISCUSSION

To qualify for disability benefits, a person must establish a medically determinable physical or mental impairment that is expected to result in death or last for a continuous period of at least twelve months which prevents him or her from engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520 & 416.920; see also Galant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984). On appeal, the plaintiff argues that substantial evidence does not support the ALJ's determination of no disability. The plaintiff alleges a number of errors, each of which relates to the plaintiff's overarching contention that the ALJ's residual functional capacity determination of the plaintiff's health was not supported by substantial evidence. Specifically, the plaintiff contends that the ALJ erred by: (1) indicating that plaintiff's limitations are "mild," (2) finding that plaintiff's assistance of her grandmother is evidence of her ability to perform substantial gainful activity and that her work capability is eroded by only fifteen percent, (3) disregarding the testimony of the vocational expert, and (4) failing to consider plaintiff's combination of impairments.

I.   Plaintiff's Limitations

Once the ALJ has determined that a plaintiff has a medically determinable mental impairment, the degree of functional limitation resulting from the impairment must be rated. 20 C.F.R. § 404.1520a(b)(2); 20 C.F.R.§ 416.920a(b)(2). There are four broad functional areas in which the degree of a plaintiff's functional limitation is rated: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. § 416.920a(c)(3). The ALJ rated plaintiff's overall functional limitation as "mild," concluding the following: plaintiff's ability to continue her in-home care provider job indicated only a "mild" restriction of daily activities; the medical reports disclosed no significant exacerbation of anxiety due to social interaction and therefore no difficulties in social functioning; there were mild-to-moderate difficulties maintaining concentration, persistence or pace during periods of anxiety episodes, which indicates an eighty-five percent retained ability for concentration, persistence or pace; and there were no episodes of decompensation.

5

In order to determine disability and the severity of a disability, both medical considerations and plaintiff's functional capacity are evaluated. The ALJ concluded that plaintiff retains the residual functional capacity to occasionally lift up to twenty pounds, frequently lift and/or carry up to ten pounds, stand and/or walk for six hours in an eight-hour day and sit for six hours in an eight-hour day. Plaintiff is limited to simple, repetitive tasks and should avoid extreme temperatures as well as dusts, fumes, odors, gases and poor ventilation. TR at 19. In determining functional capacity, the ALJ examined the testimony of the plaintiff and the opinions of Dr. Farah M. Rana, Dr. V.M. Schaaf, Dr. George Wettach, Dr. Ronald F. Johnson, Dr. Janine Marinos, Dr. Howard Hansell, Dr. Shashi Mathur, and Dr. Lolalee VanCompernolle.

Adaptive activities such as cleaning, shopping, cooking, caring appropriately for one's grooming and hygiene, and paying bills are included in the functional limitations in the area of activities of daily living which are included in the mental impairment severity assessment. 20 C.F.R. Part 404, Subpart P, Appx. 1 (Listings), § 12.00(C)(1). Due to the fact that plaintiff was able to care for her grandmother in the capacity of in-home care provider, the ALJ indicated that plaintiff had only a mild restriction of daily activities. Plaintiff is able to do household chores, shop, drive, prepare simple meals, and do laundry. TR at 17. This court finds that there was substantial evidence to indicate this level of restriction on plaintiff. Moreover, the ALJ took all relevant evidence into account.

The ALJ found that the medical reports did not disclose any significant exacerbation of anxiety due to social interaction and therefore no difficulties in social functioning. The ALJ considered Dr. Schaaf's opinion that plaintiff's asthma limited exercise in determining plaintiff's physical capacity for work and that panic attacks interfered with her ability to socialize. The ALJ agreed that socializing could be compromised; however, given that plaintiff was able to successfully complete courses to receive a beauty college certificate, provide in-home care for her grandmother, and engage in a range of daily activities, the ALJ found that plaintiff's testimony and the other evidence supported a conclusion that the anxiety does not interfere with social functioning. Dr. Johnson indicated the plaintiff was capable of simple tasks and that her emotional disorder would

1 not preclude her functioning in a non-physically demanding environment or one offering flexible
2 employment. The ALJ also relied on Dr. Marinos's opinion, juxtaposing marked difficulty
3 functioning during panic attacks, while being able to function adequately when not in the throws of a
4 panic attack. Dr. Schaaf was a treating physician, and both Dr. Johnson and Dr. Marinos were
5 examining physicians. The opinions relied upon indicate that there was substantial evidence to
6 support this level of restriction on her social functioning. All relevant evidence was taken into
7 account.

8       In general, a claimant's testimony regarding a disability must be supported by medical signs
9 or laboratory findings that support the conclusion of a medically determinable impairment. See 20
10 C.F.R. § 404.1529(b). "[U]nder the Cotton-Varney-Gamer precedent, once the claimant produces
11 objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's
12 subjective complaints based solely on a lack of objective medical evidence to fully corroborate the
13 alleged severity of pain." See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). The
14 ALJ, moreover, must consider a claimant's daily activities and course of treatment to determine if
15 they are consistent with the alleged severity of the pain. Id. at 346-47. The factors relevant to this
16 analysis include daily activities, inconsistencies in testimony, the "effectiveness and adverse side
17 effects" of pain medication and relevant character evidence. Orteza v. Shalala, 50 F.3d 748, 750
18 (9th Cir. 1995) (citing Bunnell, 947 F.2d at 346). When an ALJ rejects a claimant's subjective
19 symptom testimony she must make specific findings supporting that conclusion. Id. at 345. The
20 resolution of conflicts in the evidence and testimony is a function solely for the ALJ. See
21 Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ found that the severity of
22 symptoms alleged by the plaintiff is credible to the extent the symptoms are consistent with her
23 functioning capacity. Plaintiff's medical regimen is conservative in nature and consistent with the
24 ALJ's finding of functional capacity. The ALJ reasonably concluded that the medical findings and
25 treatment regimen did not support the severe symptoms and limitations alleged by plaintiff. The
26 ALJ also reasonably concluded that while plaintiff may have days when she mainly stays at home,

1 her daily activities are not disturbed by her impairments, which is consistent with the ALJ's finding
2 of functional capacity. TR at 17.

3 The Commissioner found that despite complaints of pain, plaintiff received only conservative
4 treatment. Subjective pain complaints are properly discredited where plaintiff received "minimal"
5 and "conservative" treatment. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The
6 Commissioner also indicated that plaintiff reported having frequent and disabling attacks since age
7 sixteen, which is long before her alleged onset of disability; moreover, during this time she was able
8 to complete her GED and attend vocational school. TR at 15, 231, 306, 307. The court finds that
9 the ALJ had substantial evidence to conclude that this limitation did not prevent her from working in
10 the past.

11 II.     Substantial Gainful Activity and Work Capability

12 Plaintiff argues that her assistance of her grandmother is not evidence of her ability to
13 perform substantial gainful activity. Furthermore, plaintiff argues that her ability to provide in-home
14 care for her grandmother is not evidence that her work capability is eroded only by fifteen percent.
15 The ALJ findings agreed with the plaintiff that her assistance of her grandmother is not evidence of
16 her ability to perform substantial gainful activity; he also agreed that plaintiff has not engaged in any
17 substantial gainful activity since January 1, 2003. TR at 14. Plaintiff misconstrues the ALJ's
18 finding that her work capability is eroded by fifteen percent. The ALJ found that due to mild-to-
19 moderate difficulties maintaining concentration, persistence or pace, this would indicate that there is
20 at least an eighty-five percent retained ability for concentration, persistence or pace. TR 16, 19. The
21 ability for concentration, persistence and pace is only one of the four categories used to determine
22 work capability; thus, the fifteen percent reduction was attributed to one of the four categories. The
23 ALJ did not indicate an overall percentage reduction in her work capability in the findings.

24 III.    Vocational Expert Testimony

25 Plaintiff argues that the ALJ disregarded the testimony of the vocational expert by not
26 incorporating all three hypotheticals posed by the ALJ to the vocational expert. At the hearing, the
27 vocational expert testified as an expert witness on three hypotheticals. TR at 49-53. The first

28

hypothetical presented the following criteria: an individual who would (1) be the same age, education, background and experience as plaintiff, (2) have the ability to do a medium level of exertion, limited to simple repetitive tasks and no extreme environmental conditions that would aggravate an asthma condition and (3) have a fifteen percent reduction in her concentration, pace and persistence. The vocational expert found under the first hypothetical: this individual would be able to secure a job; 1,500,000 qualifying jobs exist in the national economy; and as many as 275,000 jobs qualifying jobs exist in the San Francisco Bay area economy. TR at 28, 50-51. The expert noted that under the second hypothetical, in which the same individual would be subject to panic attacks once or twice a week lasting up to one to one and a half hours, the number of available jobs would erode significantly. The expert further noted that under the third hypothetica,l in which three moderate limitations were added (moderate difficulty in communicating, in maintaining steady attendance and in carrying out simple or moderately complex questions or instructions), the individual would not be able to sustain work activity. TR at 53. Because the ALJ did not indicate that plaintiff's functional capacity rose to the level of moderate limitation, the ALJ found that there are jobs existing in significant numbers in the national economy that plaintiff can perform. A moderate limitation would result in the plaintiff being unable to sustain work activity; however, plaintiff was not determined to have a moderate limitation. Plaintiff argues that the posing of a hypothetical in which the individual had a moderate limitation implied that the ALJ concluded that plaintiff also had a moderate limitation. Although plaintiff correctly states that the ALJ defined moderate limitation as having a sixty percent capability in the workplace, the ALJ's assessment of plaintiff's functional capacity did not rise to the level of moderate limitation. Accordingly, the hypotheticals which were considered reflected the plaintiff's actual vocational profile and residual functional capacity.

     This court finds that the ALJ properly limited the analysis of the vocational expert because the residual functional capacity finding was supported by substantial evidence in the record and rejected limitations, such as debilitating and lasting panic attacks, were not included. Osenbrock v.

9

Apfel, 240 F.3d 1157, 1164-1165 (9th Cir. 2001) (holding ALJ is free to accept or reject restrictions in a hypothetical question when they are not supported by substantial evidence).

IV.     Combination of Impairments

Plaintiff alleges that even if her individual impairments were not severe, her combination of impairments in total would be severe. It is well established that individual impairments must be considered in combination and that findings should be directed relative to this combination. Steward v. Harris, 509 F. Supp. 31, 35 (N.D. Cal. 1980). The ALJ concluded that medical evidence established that plaintiff suffers from an anxiety-related disorder, asthma and bilateral foot pain which, in combination, have more than a minimal effect on the capacity for basic work functions and are "severe" pursuant to 20 C.F.R. sections 404.1520 and 416.920. However, the mere fact that a plaintiff has been diagnosed with a listed mental impairment does not establish disability; the proper focus in assessing a claim of disability is the degree of functional impairment. King v. Barnhard, 372 F. Supp. 2d 932 (S.D. Tex. 2005). The ALJ, after finding that the combination of impairments was severe, analyzed the functional capacity of plaintiff. As discussed above, because the evidence indicates that the functional capacity of the plaintiff was not compromised, there was substantial evidence to conclude plaintiff is able to perform other jobs that exist in significant numbers in the national economy.

The Commissioner's final decision is supported by substantial evidence and is not based on legal error.

CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is DENIED, and defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated: September 30, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

10